■ In the Matter of the Claim of ALBERTO ARAGONA et al., Respondents-Appellants, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant-Respondent.—Cross appeals from an order of the County Court of Albany County, entered October 21, 1976, which reversed a judgment of the Justice Court of the Town of Colonie, in a summary proceeding, awarding petitioners $70,750 and possession of the premises, dismissed the petitions and directed that the tenant provide an undertaking in the amount of $200,000 to secure reserved rent. Upon reargument of the decision of this court, dated December 22, 1977 (60 AD2d 707), we are of the view that since article 6 of the lease agreement authorizes respondent to remain in the premises with the "fixed rental" "suspended" while petitioners are in default, County Court properly dismissed the petitions in this summary proceeding, but having done so it should not have directed respondent to file a bond. We do not pass upon questions of whether respondent remains liable for the reasonable value of its use and occupancy of the premises while petitioners are in default, whether petitioners are entitled to recover any of the suspended rent upon their performance under the lease or whether respondent has a cause of action to recover for actual damages occasioned by petitioners' default. These questions involve a construction of the lease and should be resolved in the appropriate proceeding and in the appropriate forum upon a proper record, if the parties be so advised. Decision dated December 22, 1977 withdrawn; order entered December 29, 1977 vacated; order entered October 21, 1976 modified, on the law and the facts, by striking so much thereof as requires respondent to furnish an undertaking, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.